UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JONATHAN L. MOORE

v.                                                                                            C.A. NO. 09-434 S

JAMES WEEDEN ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Jonathan L. Moore, *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint pursuant to 42 U.S.C. § 1983 ("§ 1983") naming 19 ACI correctional officers, employees, and officials (the "Complaint") (Docket # 1).[1] On October 14, 2009, plaintiff was granted leave to proceed *in forma pauperis* (Docket # 4). Accordingly, pursuant to 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have screened the Complaint. As discussed below, having found that certain claims in the Complaint fail to state claims upon which relief may be granted, I have prepared this Report and Recommendation recommending dismissal of the same.

## BACKGROUND

The following background is based on the allegations in the Complaint, including the attached affidavit, which are taken as true for purposes of this Report and Recommendation.

### I. January 14, 2009 Assault and Aftermath

Plaintiff Jonathan Moore is incarcerated at the ACI High Security Center ("HSC"). On an unspecified date or dates, plaintiff filed grievances or otherwise complained to ACI officials regarding the alleged misconduct of ACI guards. Thereafter, on January 14, 2009, defendants Officers Estrella, Gregoire, Burdick, and Pierce bribed inmate Larry Smith to assault plaintiff by promising Smith extra phone privileges. The officers also told Smith they would fabricate reports stating that Moore attacked Smith. Smith punched plaintiff in the forehead three times, leaving plaintiff with facial injuries. Plaintiff ran toward the officers for help, but they failed to provide any protection. Additionally, Officer Gregoire filed a false disciplinary report accusing plaintiff of assaulting Smith (Discipline No. 000048978). As a result, plaintiff was placed in punitive segregation for 89 days. Subsequently Smith confessed to attacking plaintiff.

---

[1]Plaintiff Moore lists three other inmates as plaintiffs; however, only plaintiff has signed the Complaint and therefore, is the only plaintiff in this action. To the extent they would be considered plaintiffs in this matter, I recommend that Larry Smith, Edward Cable, and Angel Navarro be dismissed as parties to this action.

1

After the attack, plaintiff contacted the district attorney, F.B.I., A.C.L.U. and the Ethics Commission for intervention. However, defendant Officer Johansen filed a false disciplinary report alleging that plaintiff threatened him with law enforcement intervention (Discipline No. 000083417). Plaintiff received 25 days of punitive segregation for this infraction.

## II. Rehabilitative Programming and Classification

Plaintiff also has been denied access into the ACI sex offenders treatment program ("SOTP") administered by the Rhode Island Department of Corrections ("RIDOC") for the past 8 months. Defendants RIDOC Director A.T. Wall; Assistant Director Nancy Bailey; Rehabilitative Services Coordinators Roberta Richman, Tim Murphy, and John Louth; Grievance Coordinator Robert McCutcheon; Administrators Joseph Dinitto and Michele Auger; Counselor Tony Amaral; CCRI Coordinator Will Jackson; Facilitator Morgan Stein; and Lieutenant Sayles utilized "false charges" lodged against plaintiff to make "disingenuous assessments" of plaintiff's institutional history and prohibit him from any rehabilitative programs.

Additionally, in connection with a discipline charge against plaintiff (Discipline No. 00048979), Administrator Auger imposed a sanction regarding plaintiff's classification that was not authorized by the hearing officer. (Although plaintiff does not identify the sanction, it appears that the sanction led to plaintiff's reclassification to the HSC.)

## III. Conditions of Confinement

Additionally, plaintiff complains about the conditions of confinement in the HSC. He states that ACI officials A.T. Wall, Nancy Bailey, James Weeden, and Michele Auger have intentionally neglected to address the unhealthy, unsanitary, and unsafe living conditions in the HSC, including the lack of a sprinkler system; nutritionally inadequate food portions; and inadequate ventilation and obstructed drains, resulting in a build-up of mold and slime. He further states that the officials are aware of the conditions and, despite their responsibility to rectify the conditions, have failed to do so because they desire to punish the HSC inmates.

## DISCUSSION

### I. Screening Under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, *inter alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A ("§

2

1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on a 12(b)(6) motion. *See Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I., June 30, 2008). In making this determination, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A claim fails to state a claim for which relief may be granted if the factual allegations fail to "raise [plaintiff's] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); *see also Iqbal*, 129 S.Ct. at 1949-1951 (discussing the plausibility requirement); Fed.R.Civ.P. 8(a)(2).

## II. Legal Standard Under § 1983

In order to maintain a § 1983 action, the conduct complained of must have (i) been committed by a person acting under color of state law and (ii) deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, although it is clear that defendants were acting under state law, plaintiff's claims are reviewed to determine if they allege facts indicating that defendants deprived him of a constitutional or federal statutory right.

## III. Review of Claims

Reading the Complaint liberally, it appears that plaintiff is making the following claims: (i) defendants Estrella, Gregoire, Burdick, and Pierce violated plaintiff's Eighth Amendment rights by using excessive force and/or failing to protect plaintiff; (ii) defendants Gregoire and Johansen violated plaintiff's Fourteenth Amendment rights to due process by filing false disciplinary reports against plaintiff; (iii) defendants Estrella, Gregoire, Burdick, Pierce, Johansen, and Doyle violated plaintiff's First and Fourteenth Amendment rights by retaliating against him for his exercise of his First Amendment rights; (iv) defendants Wall, Bailey, Richman, Murphy, Louth, McCutcheon, Dinitto, Auger, Amaral, Jackson, Stein, and Sayles violated his Eighth Amendment right to be free from cruel and unusual punishment and Fourteenth Amendment rights to due process by denying him enrollment in rehabilitative treatment programs; (v) defendant Auger violated his Fourteenth Amendment rights to due

3

process by sanctioning him with classification not authorized by the disciplinary hearing officer; and (vi) defendants Wall, Bailey, Weeden, and Auger violated his Eighth Amendment rights by subjecting him to unhealthy, unsanitary and unsafe conditions-of-confinement. The claims that fail to state claims on which relief may be granted at this stage of the litigation are reviewed below.

## IV. Claims that Fail to State Claims On Which Relief May Be Granted

### A. Fourteenth Amendment Due Process Claims Related to Disciplinary Reports

Plaintiff suggests that Officers Gregoire and Johansen violated his rights to due process under the Fourteenth Amendment by lodging false disciplinary charges against him which resulted in his segregation for 89 and 25 days, respectively. In order to state a procedural due process claim, a plaintiff must demonstrate a violation of a life, liberty or property interest. *See Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Here plaintiff does not demonstrate such a violation.

First, a prisoner does not have a free standing liberty interest in not having a false disciplinary charge leveled against him. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986); *Williams v. Foote*, No. 08-2838, 2009 WL 1520029 at *7 (C.D.Cal. May 28, 2009); *cf. Suprenant v. Rivas*, 424 F.3d 5, 13-14 (1st Cir. 2005). Thus, to the extent plaintiff seeks to assert claims against defendant Gregoire and Johansen for allegedly filing false disciplinary charges, plaintiff's claims are insufficient to state a due process violation.

Second, to the extent plaintiff is alleging an interference with a liberty interest due to his temporary confinement in segregation resulting from the false disciplinary charges, his claim also fails. While a state may create liberty interests that are protected by the Due Process Clause, these interests are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Connor*, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995)(punitive segregation for a term of 30 days does not trigger the protections of the Due Process Clause because it is not an atypical and significant hardship in relation to the ordinary incidents of prison life). Here, plaintiff has no liberty interest in avoiding 89 days and 25 days of segregation, respectively, and, thus, fails to state a claim on which relief may be granted under the Due Process Clause. *See id.; Williams v. Bitner*, 307 Fed.Appx. 609, 611 (3rd Cir. 2009)(sanction of 90 days in disciplinary segregation did not give rise to a due process liberty interest); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir.

4

2005)(same); *Williams v. Wall*, No. 06-012, 2006 WL 2854296, at *3 (D.R.I. Oct. 04, 2006)(21 days of segregation at ACI fails to implicate liberty interest). Accordingly, I recommend such claims be dismissed.

### B. Fourteenth and Eighth Amendment Claims Related to Rehabilitative Treatment Programs

As stated above, the Fourteenth Amendment's Due Process Clause provides that a state shall not deprive any person of life, liberty, or property without due process of law. *See* U.S. Const. amend. XIV. Here, plaintiff suggests several defendants deprived him of a liberty interest by refusing to enroll him in rehabilitative programs, including the sex offender treatment program. However, the ability to participate in a rehabilitative prison program does not implicate a liberty interest. *See Washington v. Borejon*, 324 Fed.Appx. 741, at *1 (10th Cir. 2009); *Stanley v. Litscher*, 213 F.3d 340, 342 (7th Cir. 2000); *Fiallo v. de Batista*, 666 F.2d 729, 730-32 (1st Cir. 1981), *Morales Montáñez v. Puerto Rico*, No. 08-1945, 2009 WL 1617929, at *5 (D.P.R. May 29, 2009)("[T]here is no federal constitutional right to rehabilitative training or treatment and as a result there is no violation of [plaintiff's] civil rights based upon such a constitutional right"). Further, to the extent that plaintiff may be claiming that the failure to provide him access to rehabilitative programming amounts to a deprivation of essential treatment in violation of the Eighth Amendment, he is mistaken. *See Fiallo*, 666 F.2d at 731; *Jimenez v. Reeder*, No. 08cv345, 2009 WL 700776, at *3 (N.D.Fla. May 16, 2009); *Quinones v. Miner*, No. 06-136, 2006 WL 1371645, at *5 (D.R.I. May 18, 2006).

Accordingly, plaintiff's claims against Wall, Bailey, Richman, Murphy, Louth, McCutcheon, Dinitto, Auger, Amaral, Jackson, Stein, and Sayles for violating his constitutional rights by denying him enrollment in rehabilitative treatment programs should be dismissed for failing to state a claim on which relief may be granted. I so recommend.

### C. Fourteenth Amendment Due Process Claim Regarding Classification

Plaintiff seems to state that, as a result of a disciplinary charge against him, defendant Auger violated his rights under the due process clause of the Fourteenth Amendment by sanctioning him with a classification that was not authorized by the disciplinary hearing officer. Presumably, the classification was to the HSC. As stated above, in order to state a procedural due process claim, a plaintiff must demonstrate a violation of a life, liberty or property interest. *See Wilkinson*, 545 U.S. at 221. Although plaintiff urges that he had a liberty interest in remaining in a lower classification, neither the constitution nor Rhode Island state law create a

liberty interest in a prison-inmate classification housing procedure. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532 (1976)(no liberty interest arises from the Due Process Clause itself in transfer from low to maximum security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"); *Bishop v. State*, 667 A.2d 275, 277 (R.I. 1995)(prisoner classification does not implicate liberty interest because Rhode Island statute gives Department of Corrections Director total and exclusive final discretion in classification of prisoners).

Further, plaintiff does not provide any allegations demonstrating that his classification to the HSC imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Wilkinson*, 545 U.S. at 214-15 (finding liberty interest in avoiding transfer to supermax prison where supermax involved harsh conditions including almost constant cell illumination, no outdoor recreation, confinement to cell for 23 hours, extreme isolation, placement for an indefinite period of time, and loss of parole eligibility); *Lynch v. Pelissey*, No. 06-409, 2008 WL 782832, at *3 (D.R.I. Mar. 20, 2008) (plaintiff had no liberty interest in not being assigned to ACI HSC because he did not allege that such assignment imposed an "atypical and significant hardship" in relation to the ordinary incidents of prison life); *Figueroa v. Wall*, No. 05-415, 2006 WL 1766159, at * 2 (D.R.I. May 30, 2006)(same).

Accordingly, plaintiff's claim against Auger regarding his classification should be dismissed for failure to state a claim on which relief may be granted. I so recommend.

### D. Conditions-of-Confinement

Plaintiff makes various claims regarding his living conditions in the HSC, including the lack of a sprinkler system; nutritionally inadequate food portions; and inadequate ventilation and obstructed drains.

The Eighth Amendment prohibits "cruel and unusual punishments," and "it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970 (1994)(quoting *Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475 (1993)). Prison officials must provide humane conditions of confinement by "ensur[ing] that inmates receive adequate food, clothing, shelter, and medical care." *Id.* To allege an Eighth Amendment claim, a plaintiff must plead facts which establish both an objective component, that he was forced to endure "extreme deprivations" beyond the bounds of human decency, and a subjective

6

component, that the defendant acted with "deliberate indifference" to such conditions. *See Hudson v. McMillian*, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992).

Plaintiff's conditions-of-confinement claims here fail on several accounts. First, although "[t]here is no question that fire safety is a legitimate concern under the Eighth Amendment [and] [p]ersons involuntarily confined by the state have a constitutional right to safe conditions of confinement ...[,] not every deviation from ideally safe conditions constitutes a violation of the constitution." *Santana v. Collazo*, 714 F.2d 1172, 1183 (1983)(citations omitted). Here, plaintiff has failed to provide an adequate factual predicate to state an Eighth Amendment claim. *See Hunnewell v. Warden, Me. State Prison*, 19 F.3d 7, at *4 (1st Cir. 1994)(plaintiff's conclusory statement that his cell was unsafe due to fire hazards fails to state a claim where he does not address the existence of fire detectors, fire extinguishers, or an evacuation plan).

Similarly, although the Eighth Amendment requires that inmates be provided nutritionally adequate food, "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it," *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985)(citations omitted), plaintiff's bald assertions that the food is nutritionally inadequate are not sufficiently serious to assert a constitutional violation. Plaintiff does not provide any details describing how the food provided is nutritionally inadequate or indicate any adverse health effects as a result of the food. *See Chase v. Quick*, 596 F.Supp. 33, 34 (D.R.I. 1984)(prisoner's Eighth Amendment claim alleging unsanitary eating conditions failed because plaintiff did not assert specific instances of hunger, food-poisoning, or malnutrition resulting from consumption of the food at ACI); *see also Gallimore v. McPeak*, No.7:07CV00573, 2008 WL 112041, at *2 (W.D.Va. Jan. 9, 2008)(to state a claim "plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health")(citations omitted). Accordingly, plaintiff has not plead adequate facts to move his claim of constitutionally inadequate food "across the line from conceivable to plausible." *Iqbal*, 129 S.Ct. 1951 (citation omitted).

Additionally, plaintiff's claims regarding inadequate ventilation and obstructed drains are not sufficiently serious to satisfy the objective component of the Eighth Amendment test. Plaintiff does not allege any injury as a result of the conditions, and the existence of mold and slime does not amount to "an excessive risk to inmate health or safety" under the Eighth Amendment. *See, e.g., Shrader*, 761 F.2d at 983-85 (prisoner's allegations including: leaking

ceilings; cold water in cells; a shower area covered in rust, mold, and mildew; and showers that dripped with controls that did not work, were constitutionally insignificant); *Oliver v. Powell*, 250 F.Supp.2d 593, 604 (E.D.Va. 2002)(allegations that cell contained roaches, leaky toilets, peeling paint, and writing on the wall did not state a claim under the Eighth Amendment); *see also Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)("The Constitution ... 'does not mandate comfortable prisons,' ... and only those deprivations denying 'the minimal civilized measure of life's necessities,'... are sufficiently grave to form the basis of an Eighth Amendment violation")(quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 & 349, 101 S.Ct. 2392 (1981)).

As plaintiff's claims regarding the conditions of his confinement fail to meet the objective component of an Eighth Amendment claim, I recommend such claims be dismissed.

### E. Failure to Assert Factual Allegations Against Lieutenant Doyle

Additionally, although plaintiff names Lieutenant Doyle as a defendant in this matter, the only reference to Doyle in the Complaint is the conclusory allegation that Lieutenant Doyle retaliated against plaintiff. Complaint, p. 13. Plaintiff fails to assert any facts describing any action by Doyle, and clearly does not state any facts suggesting Doyle retaliated against him. Accordingly, plaintiff's claim of retaliation against Lieutenant Doyle should be dismissed for failure to state a claim on which relief may be granted. I so recommend.

# CONCLUSION

## I. Summary of Recommendations Regarding Claims

In summary, I recommend the following claims be DISMISSED for failure to state claims on which relief may be granted:

(i) Fourteenth Amendment claims against defendants Gregoire and Johansen regarding the alleged filing of false disciplinary reports against plaintiff;

(ii) Eighth and Fourteenth Amendment claims against defendants Wall, Bailey, Richman, Murphy, Louth, McCutcheon, Dinitto, Auger, Amaral, Jackson, Stein, and Sayles regarding the alleged refusal to admit plaintiff into a rehabilitative treatment program;

(iii) Fourteenth Amendment claim against defendant Auger regarding plaintiff's classification;

(iv) Eighth Amendment claims against defendants Wall, Bailey, Weeden, and Auger for subjecting him to unhealthy and unsafe conditions-of-confinement; and

(v) First and Fourteenth Amendment claims of retaliation against defendant Doyle.

Based on the foregoing recommendation, the claims that remain would be:

(1) Eighth Amendment claims against defendants Estrella, Gregoire, Burdick, and Pierce for using excessive force against and/or failing to protect plaintiff; and

(2) First and Fourteenth Amendment claims against defendants Estrella, Gregoire, Burdick, Pierce, and Johansen for retaliating against plaintiff for exercising his First Amendment rights.

## II. Summary of Recommendations Regarding Defendants

Accordingly, as I have recommended that all claims against each of the following parties be dismissed, I further recommend such parties be DISMISSED as defendants in this action: (i) Roberta Richman; (ii) Tim Murphy; (iii) John Louth; (iv) Robert McCutcheon; (v) Joseph Dinitto; (vi) Tony Amaral; (vii) Will Jackson; (viii) Morgan Stein; (ix) Officer Sayles; (x) A.T. Wall; (xi) Nancy Bailey; (xii) James Weeden; (xiii) Michele Auger; and (xiv) Lieutenant Doyle.

Based on such recommendation, the defendants remaining in this action would be: (1) Officer Estrella; (2) Officer Gregoire; (3) Officer Burdick; (4) Officer Pierce; and (5) Officer Johansen.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam).

/s/ Jacob Hagopian

Jacob Hagopian
Senior United States Magistrate Judge
February 2, 2010