UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JONATHAN L. MOORE

v.                                                          C.A. NO. 09-434 S

JAMES WEEDEN ET AL.

MEMORANDUM AND ORDER

Jacob Hagopian, Senior United States Magistrate Judge

On September 17, 2009, plaintiff, Jonathan L. Moore, *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint pursuant to 42 U.S.C. § 1983 ("§ 1983") naming 19 ACI correctional officers, employees, and officials (the "Complaint") (Docket # 1). Presently before the Court is plaintiff's Motion to Amend the Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure (Docket # 7). For the reasons stated below, plaintiff's instant motion is denied.

DISCUSSION

Here, plaintiff seeks to amend the Complaint to add three defendants. First, he seeks to add Jack Ward and Bert Lacchman as defendants because they allegedly deprived plaintiff of a state created liberty right without due process by classifying him to "supermax" at the ACI. Additionally, plaintiff seeks to add Lieutenant Duffy as a defendant because he allegedly "used false disciplinary charges as a retaliatory tool" against plaintiff and is "part of a pattern of retaliatory disciplinary charges being filed" against plaintiff.

I.    Motion to Amend and Screening Proposed Amended Complaint

Federal Rule 15 provides that a party may amend his pleading once as a matter of course prior to being served with responsive pleadings, as is the posture here. However, 28 U.S.C. § 1915(e)(2) instructs that the Court screen the complaint of a plaintiff proceeding *in forma pauperis*, as plaintiff is in this action, prior to docketing the same, or as soon thereafter as possible, and dismiss claims that, *inter alia*, fail to state a claim on which relief may be granted. Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss the complaints, or portions thereof, for reasons similar to those set forth in § 1915(e)(2). 28 U.S.C. § 1915A(b).

1

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on a 12(b)(6) motion. *See Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I., June 30, 2008). In making this determination, the Court must accept plaintiff's well pleaded factual allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). To state a claim on which relief may be granted, the complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)); Fed.R.Civ.P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556-57). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 556-57).

Here, I have reviewed plaintiff's proposed amended complaint and determined that it fails to state claims on which relief may be granted against the defendants plaintiff seeks to add.

## II. Due Process Claims Regarding Classification Against Ward and Lacchman

Plaintiff's proposed claims against Jack Ward and Bert Lacchman for violating his due process rights by classifying him to supermax lack merit. First, plaintiff fails to provide any factual allegations describing any actions Ward and Lacchman took in connection with plaintiff's assignment to supermax.

Second, in order to state a procedural due process claim, a plaintiff must demonstrate a violation of a life, liberty or property interest. *See Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). However, neither the United States Constitution nor Rhode Island state law create a liberty interest in a prison inmate-classification housing procedure. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532 (1976)(no liberty interest arises from the Due Process Clause itself in transfer from low to maximum security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has

2

authorized the State to impose"); *Bishop v. State*, 667 A.2d 275, 277 (R.I. 1995)(liberty interest not implicated by prisoner classification where Rhode Island statute gives Department of Corrections Director total and exclusive final discretion in classification of prisoners). Further, plaintiff here does not provide allegations demonstrating that his classification to supermax imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293 (1995); *see also Wilkinson*, 545 U.S. at 214-15 & 223-24 (finding liberty interest in avoiding transfer to supermax prison where supermax involved harsh conditions including almost constant cell illumination, no outdoor recreation, confinement to cell for 23 hours, extreme isolation, placement for an indefinite period of time, and loss of parole eligibility); *Lynch v. Pelissey*, No. 06-409, 2008 WL 782832, at *3 (D.R.I. Mar. 20, 2008)(plaintiff had no liberty interest in not being assigned to ACI High Security Center because he did not allege that such assignment imposed an "atypical and significant hardship" in relation to the ordinary incidents of prison life); *Figueroa v. Wall*, No. 05-415, 2006 WL 1766159, at * 2 (D.R.I. May 30, 2006)(same).

Plaintiff contends that the United States Supreme Court in *Wilkinson* held that a prisoner has a liberty interest in not being transferred to a supermax facility if the prisoner had not been in a gang or convicted of organized crime. However, plaintiff misinterprets *Wilkinson*. 545 U.S. at 209. Although in the Ohio system under scrutiny in *Wilkinson* the regulations includes membership in a gang and conviction of the offense of organized crime as criteria for assignment to supermax, the Supreme Court did not hold that such factors are required for transfers to supermax. *Id.* at 316. Instead, the Supreme Court found that the prisoners in the Ohio system had a liberty interest in avoiding transfer to the Ohio supermax because incarceration there imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 223 (quoting *Sandin*, 515 U.S. at 484). As noted above, the Supreme Court considered factors including the harshness of the conditions, the indefinite duration of confinement, and that placement at the facility disqualified otherwise eligible inmates from parole consideration., noting "these conditions standing alone might not be sufficient to create a liberty interest, taken together they impose an atypical and significant hardship within the correctional context." *Id.* at 224.

Accordingly, plaintiff fails to state a claim on which relief may be granted against Ward and Lacchman, and it would be futile to amend the complaint to add them as defendants.

3

## III. Retaliation Claim Against Duffy

Although plaintiff seeks to add Lieutenant Duffy as a defendant for retaliating against him, he fails to allege any factual allegations supporting the elements of the claim. To assert a claim of retaliation for the exercise of a constitutional right a plaintiff must allege facts showing three elements: (1) the plaintiff engaged in constitutionally protected conduct; (2) the plaintiff suffered an adverse action that would deter a person of ordinary firmness from the exercise of the right at stake; and (3) there was a causal connection between the constitutionally protected conduct and the adverse action. *Thaddeus-X*, 175 F.3d at 394; *Price v. Wall*, 464 F.Supp.2d 90, 96 (D.R.I. 2006). Here, the only factual allegations plaintiff asserts in the proposed amended complaint are that Lieutenant Duffy "used false disciplinary charges as a retaliatory tool" against plaintiff and is "part of a pattern of retaliatory disciplinary charges being filed" against plaintiff. Such bald assertions are conclusory and fail to state a claim against Lieutenant Duffy on which relief may be granted. *See Twombly*, 550 U.S. at 555 (to avoid dismissal for failure to state a claim, plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions).

## CONCLUSION

Accordingly, as it would be futile to allow plaintiff's proposed amendments to add Ward, Lacchman or Duffy as additional parties, plaintiff's motion to amend is DENIED. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962)(citing futility as reason to deny motion to amend).

IT IS SO ORDERED.

Jacob Hagopian
Senior United States Magistrate Judge
February 2, 2010