# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

JONATHAN L. MOORE

v.  C.A. No. 09-434 S

JAMES WEEDEN, et al.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Jonathan L. Moore ("Plaintiff"), *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint (the "Complaint") pursuant to 42 U.S.C. § 1983 ("§ 1983") naming 19 ACI correctional officers, employees, and officials (the "Defendants") (Dckt. # 1). On February 3, 2010, after screening the Complaint pursuant to 28 § 1915(e)(2), I issued a Report and Recommendation (the "Feb. 3 R&R") (Docket # 18). In the Feb. 3 R&R, I found that two of the claims in the Complaint stated viable claims, but recommended that the remaining claims be dismissed for failing to state claims on which relief may be granted (Dckt. # 18). I further recommended that 14 of the defendants be dismissed, as the Complaint contained no cognizable claims against them. Judge Smith adopted the R&R on March 1, 2010 (Dckt. # 25). Thus, five individuals remain as defendants (Correctional Officers Estrella, Gregoire, Burdick, Pierce, and Johansen) with respect to the two surviving claims.

Presently before the Court are five motions filed by Plaintiff that will be construed as motions for preliminary injunction (Dckts. ## 4, 8, 9, 11 & 20). These matters have been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation. For the reasons discussed below, I recommend that the motions be DENIED.

## BACKGROUND

The following allegations, derived from the Complaint, including the affidavit attached thereto, as well as motions filed in this action, are set forth to provide background for the instant motions.

Plaintiff is incarcerated at the ACI High Security Center ("HSC"). He alleges that after he complained to ACI officials regarding the alleged misconduct of ACI guards, Defendants Correctional Officers Estrella, Gregoire, Burdick, and Pierce bribed inmate Larry Smith to assault Plaintiff. Thereafter, Smith punched Plaintiff in the forehead three times, leaving

1

Plaintiff with facial injuries. Subsequently, Officer Gregoire filed an allegedly false disciplinary report accusing Plaintiff of assaulting Smith (Discipline No. 000048978). As a result, Plaintiff was placed in punitive segregation for 89 days. Smith later confessed to attacking Plaintiff.

Plaintiff claims that, after the attack, he contacted the district attorney, F.B.I., A.C.L.U. and the Ethics Commission for intervention. However, Defendant Officer Johansen filed an allegedly false disciplinary report stating that Plaintiff threatened him with law enforcement intervention (Discipline No. 000083417). Plaintiff received 25 days of punitive segregation for this infraction.

Additionally, in connection with a discipline charge against Plaintiff (Discipline No. 00048979), Administrator Auger imposed a sanction regarding Plaintiff's classification that was not authorized by the hearing officer. (Although Plaintiff does not identify the sanction, he implies that the sanction led to Plaintiff's reclassification to the HSC.)

## DISCUSSION

### I. Standard for Preliminary Injunction Motions

Plaintiff has filed five motions seeking court orders requiring various actions by defendants prior to a trial on the merits, each of which will be construed as a motion for preliminary injunction. A preliminary injunction is a mechanism used to preserve the status quo pending litigation of the merits by protecting a plaintiff from irreparable harm and maintaining the court's ability to render a meaningful judgment following a trial on the merits. *See, e.g., CMM Cable Rep., Inc. v. Ocean Coast Prop., Inc.*, 48 F.3d 618, 620 (1st Cir.1995). As the party moving for preliminary injunctive relief, plaintiff bears the burden of demonstrating that: (i) plaintiff has a likelihood of success on the merits; (ii) plaintiff will suffer irreparable injury if the injunction is not granted; (iii) such injury outweighs any harm which granting injunctive relief would inflict on the defendant; and (iv) the public interest will not be adversely affected by the granting of the injunction. See *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 5 (1st Cir. 1991). Of the four factors, the likelihood of success on the merits is of primary importance. *See Wine and Spirits Retailers, Inc. v. Rhode Island*, 418 F.3d 36, 46 (1st Cir. 2005).

### II. Access to Law Library (Dckt # 4)

In a motion entitled "Memorandum and Request for Relief," Plaintiff states that ACI officials are interfering with his access to the courts by prohibiting him from receiving adequate law library time and filing materials. He seeks a court order requiring the Defendants to "refrain from prohibiting [Plaintiff] from spending at least 2 hours per week in the law library, 5 hours

2

per week with the law library book cart; and to give [Plaintiff] the adequate filing documents." Dckt. # 4, p. 1.

Plaintiff's motion for such injunctive relief should fail for at least two reasons. First, the relief that Plaintiff requests is not based on the claims set forth in the Complaint, but rather is an entirely new claim regarding an alleged violation of his right to access the courts. As a preliminary injunction is a mechanism used to preserve the status quo pending litigation of the merits, *see, e.g., CMM Cable Rep., Inc.*, 48 F.3d at 620, a party moving for a preliminary injunction must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975); *DeWitt v. Wall*, No. 01-65, 2001 WL 1018332, at *1 (D.R.I. June 05, 2001). "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997)(preliminary injunction regarding a First Amendment issue denied where underlying suit was for damages on a claim of fraud); *see also Guillen v. Thompson*, No. 08-1279, 2009 WL 2513501, at *6-7 (D. Ariz. Aug. 14, 2009)(denying preliminary injunction on assertions, including retaliation and denial of access to the courts, because they were unrelated to the inadequate medical care claims in underlying complaint).

Second, even if the Court were to address the merits of Plaintiff's motion, Plaintiff has not shown a likelihood of success on the merits of his claim. He has neither identified any defendant responsible for the alleged interference nor alleged any injury to a non-frivolous legal claim as a result of the alleged interference. *See Lewis v. Casey*, 518 U.S. 343, **351-53**, 116 S.Ct. 2174 (1996)(to pursue a denial of access claim, a prisoner must first have standing by alleging an injury to a nonfrivolous legal claim as a result of the alleged misconduct).

Accordingly, I recommend that Plaintiff's motion for a preliminary injunction ordering defendants to provide him law library time and filing materials be DENIED.

### III. Expunge Disciplinary Charges (Dckt. # 8)

In a motion entitled "Motion for Expedited Relief," Plaintiff seeks a Court order requiring ACI officials to expunge from his prison record certain disciplinary charges on which he was found guilty. Specifically, Plaintiff seeks the expunction from his prison record of the following charges: (1) Discipline No. 000087051 (for misleading an investigation), filed on September 4, 2009, relating to a claim Plaintiff made that officers sprayed him with pepper spray

that the disciplinary board found to be a false claim; (2) Discipline No. 000048978 (assault on an inmate), filed on January 14, 2009, relating to Plaintiff's alleged assault on Larry Smith; and (3) Discipline No. 00083417 (threatening behavior), filed on August 9, 2009, relating to threats Plaintiff allegedly made against correctional officer Johansen. Plaintiff contends that he was falsely charged and found guilty on such charges absent adequate procedures in violation of his due process rights.

Plaintiff, however, did not include allegations regarding the first disciplinary charge in the Complaint and his claims regarding the latter two were dismissed pursuant to the March 1 Order. Thus, Plaintiff cannot succeed on a motion for preliminary injunction regarding these claims. *See Devose*, 42 F.3d at 471 (8th Cir. 1994)(requiring a relationship between the complaint and the motion for preliminary injunction). Accordingly, I recommend that Plaintiff's motion for an injunction ordering the expunction from his prison record of certain disciplinary charges be DENIED.

### IV. Transfer Out of Supermax (Dckts. # 9, 11 & 20)

In three additional motions, Plaintiff urges the Court to order Defendants to transfer him out of the HSC. He urges that, as he is not a gang member or convicted of an organized crime, his assignment to the HSC violates his right to due process. However, such due process violation claims were dismissed pursuant to the March 1 Order. Therefore, I recommend that Plaintiff's motion for a preliminary injunction regarding the same be DENIED.

### CONCLUSION

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam).

_____
Jacob Hagopian
Senior United States Magistrate Judge
May 18, 2010