# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

JONATHAN L. MOORE

v.                                                              C.A. NO. 09-434 S

JAMES WEEDEN ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Jonathan L. Moore, *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint pursuant to 42 U.S.C. § 1983 ("§ 1983") naming 19 ACI correctional officers, employees, and officials (the "Complaint") (Docket # 1). Presently before the Court are four Motions to Amend the Complaint filed by Plaintiff pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Rule 15") (Dockets ## 23, 27, 36 & 39). Defendants objected to the first and last of these motions (Dockets # 26, 40). These matters have been referred to me for determination; however, as my finding that it would be futile to grant the motions is dispositive of the claims at issue here, I have prepared this Report and Recommendation recommending that Plaintiff's Motions to Amend be DENIED.

## BACKGROUND

Plaintiff filed the Complaint asserting numerous claims regarding the conditions of his confinement at the ACI. On February 3, 2010, upon reviewing the Complaint pursuant to 28 U.S.C. §§ 1915 & 1915A, I issued a Report and Recommendation (the "Feb. 3 R&R") finding that certain of Plaintiff's claims failed to state claims on which relief may be granted and recommending the dismissal of the same (Docket # 18). On March 1, 2010, District Judge William Smith adopted the Feb. 3 R&R, and issued an order dismissing certain claims and 14 defendants from the action (the "Dismissal Order") (Docket # 25). As a result, the Complaint now states two basic claims: (i) Eighth Amendment claims for using excessive force against, and/or failing to protect, Plaintiff and (ii) First and Fourteenth Amendment claims for retaliation against Plaintiff for exercising his First Amendment rights.

One of the claims dismissed pursuant to the Dismissal Order was Plaintiff's claim that his transfer to the High Security Center (the "HSC") violated his procedural due process rights under the Fourteenth Amendment. In each of the four instant Motions to Amend, Plaintiff seeks to amend the Complaint to reinstate this due process claim against the members of the classification board that assigned him to the HSC (the "Classification Board Defendants"). Plaintiff describes

1

the HSC as a "supermax" facility in which he is: (i) confined to a small cell for 23 hours a day; (ii) forced to conduct visits through a glass wall; (iii) extremely isolated and subject to severe limitations on all human contact; and (iv) disqualified from parole. He further states that the duration of his confinement in the HSC is indefinite. The proposed amended complaints also each emphasize that Plaintiff is not now, and has never been, in a gang and he was not convicted of an organized crime. Additionally, in the latter two proposed amended complaints, Plaintiff includes a claim that the Classification Board Defendants assigned him to the HSC in retaliation for filing the instant § 1983 action.

## LEGAL ANALYSIS

### I. Motion to Amend Standard

Pursuant to Rule 15(a), a plaintiff is entitled to amend his complaint once as a matter of course within 21 days after (i) serving the complaint or (ii) service by defendant of a responsive pleading or a motion under Federal Rule 12(b), (e), or (f). Fed.R.Civ.P. 15(a)(1). All other amendments require written consent of the opposing party or leave of court. Fed.R.Civ.P 15(a)(2). In this case, as Plaintiff filed the motions to amend more than 21 days after defendants answered the Complaint (Docket # 16), Plaintiff has sought leave of court to amend the Complaint. Rule 15(a) instructs courts to grant leave freely "when justice so requires." *Id.* However, the Supreme Court has noted that futility of the proposed amendment justifies denying such amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962).

### II. Failure to State a Claim Standard

As Plaintiff here is proceeding *in forma pauperis* and is a prisoner suing state actors, the Court must dismiss *sua sponte* claims in the Complaint that, *inter alia*, fail to state claims on which relief may be granted. 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Therefore, the Court must review Plaintiff's proposed amendments to determine if they state cognizable claims or if it would be futile to allow the amendments.

In determining if allegations state a viable claim, the Court must accept a plaintiff's well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). To state a claim on which relief may be granted, the complaint must contain sufficient factual matter "to state a

claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)); *see also* Fed.R.Civ.P. 8(a)(2).

## III. Procedural Due Process Claim

As stated above, Plaintiff seeks to reinstate a claim that the Classification Board Defendants transferred him to the HSC in violation of his procedural due process rights under the Fourteenth Amendment. The Fourteenth Amendment's Due Process Clause provides that a state shall not deprive any person of life, liberty, or property without due process of law. *See* U.S. Const. amend. XIV. Procedural due process questions are examined "'in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'" *Gonzalez-Fuentes v. Molina*, Nos. 08-1818 & 1819, --- F.3d ----, 2010 WL 2330209, *14 (1st Cir. June 10, 2010)(quoting *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904 (1989) (internal citation omitted)).

### A. Liberty Interest

Plaintiff here urges that he has a liberty interest in avoiding transfer to the HSC. A liberty interest can arise from either the Due Process Clause itself, "by reason of guarantees implicit in the word 'liberty,'" or "from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). With respect to the former, it is well-established that the Due Process Clause itself does not afford a prisoner a liberty interest in avoiding transfer to more adverse conditions of confinement. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532 (1976); *see also Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274 (1976)(prisoner has no constitutional right or inherent liberty interest in a security classification). With respect to the latter, the Supreme Court instructed that state-created liberty interests arise from state laws or regulations, but "will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995)(citations and footnote omitted). The *Sandin* Court, which found that the prisoner-plaintiff in that case did not have a liberty interest in avoiding a 30-day disciplinary segregation, explained that the short-term disciplinary sanction "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 486.

Plaintiff here alleges that the HSC imposes an atypical and significant hardship on the HSC inmates and, thus, he has a liberty interest in avoiding assignment to the HSC. He relies on *Wilkinson*, in which the Supreme Court held that Ohio prisoners had a liberty interest in avoiding assignment to the Ohio State Penitentiary (the "OSP"), Ohio's "Supermax" facility. *Wilkinson*, 545 U.S. at 224. In *Wilkinson*, the Supreme Court explained that the conditions in the OSP (including (i) prohibition of almost all human contact, "even to the point that conversation is not permitted from cell to cell"; (ii) limitation of exercise to only one hour per day and only in a small indoor room; (iii) placement for an indefinite duration; and (iv) disqualification from parole eligibility upon assignment to the OSP), imposed atypical and significant hardship on the [OSP] inmate[s] in relation to the ordinary incidents of prison life. *Id.* at 223-24. Plaintiff urges that the conditions in the HSC mirror those at the OSP described in *Wilkinson* and concludes that he, like the Ohio inmates, must have a liberty interest in avoiding such conditions.

However, regardless of whether or not the conditions in the HSC impose an "atypical and significant hardship," Rhode Island law does not give rise to a state-created liberty interest regarding classification decisions. In order to demonstrate a state-created liberty interest, a prisoner "must establish both that the confinement or restraint creates an 'atypical and significant hardship' under *Sandin*, and that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint." *Frazier v. Coughlin*, 81 F.3d 313, 317 (2$^d$ Cir. 1996); *see also Vega v. Lantz*, 596 F.3d 77, 83 (2$^d$ Cir. 2010); *Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1996); *Eason v. Thaler*, 73 F.3d 1322, 1326 (5th Cir. 1996); *Scheuerman v. Bozman*, No. 09-1386, 2010 WL 761125, *5 (D.Md. Mar. 1, 2010). And, as Rhode Island law affords the RIDOC Director "unfettered final discretion over the classification and housing of prison-inmates in this state," there is no source of entitlement for a liberty interest regarding classification under Rhode Island state law. *Bishop v. State*, 667 A.2d 275, 277 (R.I. 1995); *see also, e.g., Taylor v. Levesque*, 246 Fed.Appx. 772, 774 (2$^d$ Cir. 2007)(denying prisoner's due process claim regarding his classification because Connecticut law commits classification decisions to the discretion of the Commissioner of Corrections); *Herrera v. Williams*, 99 Fed.Appx. 188, 189 (10th Cir. 2004)("Prisoners do not have a liberty interest in a particular prison classification where the state retains discretion in classifying prisoners"); *Eaton v. Danberg*, 545 F.Supp.2d 396, 399 (D.Del. 2008)(dismissing prisoner's due process claim because "neither Delaware law nor Delaware Department of Correction regulations create a liberty interest in a prisoner's classification within an institution.").

4

B.  **Process Due**

Further, even assuming *arguendo* that Plaintiff has a liberty interest in avoiding transfer to the HSC, the proposed amended complaints do not allege that the Classification Board Defendants failed to provide him adequate procedural safeguards. The proposed amended complaints do not describe the process under which Plaintiff was initially placed in the HSC or any deficiencies connected with such process. Instead, Plaintiff, relying on a misreading of *Wilkinson*, urges that (i) only prisoners who are gang members or convicted of organized crime could be classified to a supermax prison and (ii) he is not, and never has been, a gang member or convicted of organized crime. Plaintiff, thus, implicitly concludes that he could not have received due process when he was classified to the HSC. However, although the *Wilkinson* Court noted that the OSP policy included organized crime conviction and prison gang involvement as triggering reviews for placement of a prisoner in the OSP, the OSP placement policy did not require organized crime conviction or gang involvement for placement in the OSP. 545 U.S. at 225-230; *see also Austin v. Wilkinson*, 372 F.3d 346, 349-52 (6th Cir. 2004)(describing OSP placement policy), *rev'd on other grounds,* 545 U.S. 209 (2005). Importantly, the Supreme Court did not base its decision that the OSP placement policy satisfied due process procedures on any such requirement or otherwise find that gang involvement or conviction for organized crime was necessary for assignment to a supermax facility. *Wilkinson*, 545 at 225-30.

The proposed amended complaints, therefore, provide no basis from which the Court could infer that the Classification Board Defendants deprived Plaintiff of adequate procedural safeguards in assigning him to the HSC. Accordingly, the proposed amended complaints fail to state claims on which relief may be granted for due process violations related to Plaintiff's assignment to the HSC, and it would be futile to amend the Complaint to include such claims.

IV.  **Retaliation Claim**

In the latter two proposed amended complaints, Plaintiff alleges generally that the Classification Board Defendants assigned him to the HSC in retaliation for his commencing the instant action. However, the chronology of events evident from the filings in this action belies Plaintiff's retaliation assertion – Plaintiff had already been assigned to the HSC before he filed the instant action (and he included a claim regarding such assignment in the initial Complaint). Accordingly, the proposed amended complaints fail to state retaliation claims on which relief may be granted.

5

## CONCLUSION

As set forth above, I find that Plaintiff's proposed amended complaints fail to add any claims on which relief may be granted, and, thus, recommend that Plaintiff's Motions to Amend be DENIED as futile.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (*per curiam*); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
Date: August 12, 2010