# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

JONATHAN L. MOORE

v.   C.A. No. 09-434 S

JAMES WEEDEN, et al.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Jonathan L. Moore ("Plaintiff"), *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint (the "Complaint") pursuant to 42 U.S.C. § 1983 ("§ 1983") naming 19 ACI correctional officers, employees, and officials (the "Defendants") (Dckt. # 1). Presently before the Court are two motions filed by Plaintiff for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56") (Dckts. ## 14 & 28). Defendants have objected to Plaintiff's motions (Docket # 30). These matters have been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation. For the reasons discussed below, I recommend that the motions be DENIED.

## BACKGROUND

### I.   Complaint and Procedural Background

Plaintiff filed the Complaint asserting numerous claims regarding the conditions of his confinement at the ACI. On February 3, 2010, after screening the Complaint pursuant to 28 § 1915(e)(2) & 1915A, I issued a Report and Recommendation (the "Feb. 3 R&R") (Docket # 18). In the Feb. 3 R&R, I found that two of the claims in the Complaint stated viable claims, but recommended that the remaining claims be dismissed for failing to state claims on which relief may be granted (Dckt. # 18). I further recommended that 14 of the defendants be dismissed, as the Complaint contained no cognizable claims against them. On March 1, 2010, District Judge William Smith adopted the Feb. 3 R&R, and issued an order dismissing certain claims and 14 defendants from the action (the "Dismissal Order") (Docket # 25). As a result, there are five remaining defendants, Estrella, Gregoire, Burdick, Pierce and Johanson (the "Five Remaining Defendants") and two remaining claims: (i) Eighth Amendment claims for using excessive force against and/or failing to protect Plaintiff; and (ii) First and Fourteenth Amendment for retaliation against Plaintiff for exercising his First Amendment rights. However, although five of the

1

dismissed defendants were apparently served and answered in this action, there is no record that any of the Five Remaining Defendants have yet been served.

## II.   Summary Judgment Motions and Defendants' Response

In Plaintiff's first Summary Judgment Motion, he alleges that he is not a gang member and was not convicted for organized crime and, thus, his placement in the High Security Center (the "HSC") violated his rights under the Eighth and Fourteenth Amendments. In both his first and second Summary Judgment Motions, he urges that it is undisputed that the Five Remaining Defendants (i) colluded to have a fellow inmate, Larry Smith, assault him and/or (ii) retaliated against him for exercising his rights under the First Amendment.

Defendants urge that Plaintiff's Summary Judgment Motions are based solely on Plaintiff's conclusory assertions rather than on evidence. They deny that the correctional officers had inmate Smith attack plaintiff or that they retaliated against him for filing grievances or contacting authorities.

## DISCUSSION

## I.   Summary Judgment Standard

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v. Osco Drug. Inc.*, 895 F.2d 46, 50 (1st Cir. 1990) (citation omitted). Summary judgment can only be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and the nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." *Garside*, 895 F.2d at 48 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986)). Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains." *Cadle*, 116 F.3d at 960 (citations omitted).

## II. Dismissed Claims

First, although Plaintiff's moves for summary judgment on his claim that defendants violated his constitutional rights by placing him in the HSC, the Court previously dismissed this claim as failing to state a claim on which relief could be granted. *See* Dismissal Order. Accordingly, I recommend that Plaintiff's motion for summary judgment regarding such claim be DENIED.

## III. Unserved Defendants

Second, Plaintiff also moves for summary judgment on his claims that the Five Remaining Defendants violated his rights by encouraging inmate Smith to attack Plaintiff and/or retaliating against Plaintiff for exercising his constitutional rights. However, as the Five Remaining Defendants have not been served in this action, they are not subject to a finding of summary judgment against them. Therefore, I recommend that Plaintiff's motion for summary judgment regarding claims against the Five Remaining Defendants be DENIED.

## CONCLUSION

As stated above, I recommend that Plaintiff's Motions for Summary Judgment be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (*per curiam*); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
Date: August 19, 2010