UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JONATHAN L. MOORE

v.                                                                                               C.A. No. 09-434 S

JAMES WEEDEN, et al.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Jonathan L. Moore ("Plaintiff"), *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint (the "Complaint") pursuant to 42 U.S.C. § 1983 ("§ 1983") naming 19 ACI correctional officers, employees, and officials (the "Defendants") (Dckt. # 1). Presently before the Court is Plaintiff's motion entitled "Petition For Writ of Habeas Corpus" (Docket # 10). This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation. For the reasons discussed below, I recommend that the motion be DENIED.

## DISCUSSION

Plaintiff describes the instant motion as a "Petition For Writ of Habeas Corpus" and appends to the motion federal form AO 241 "Petition Under 28 U.S.C. § 2254 Writ of Habeas Corpus by a Person in State Custody." However, it appears that Plaintiff seeks the writ of habeas corpus to require Director Wall to (i) transport Plaintiff to Court in order to testify regarding the instant action and/or (ii) transfer Plaintiff from the High Security Center to a lower security level facility. Plaintiff's motion fails for a variety of reasons.

The former request involves a writ of habeas corpus testificandum (an order requiring that a person be transported to court to testify) rather than a writ of habeas corpus ad subjiciendum (an order requiring that a person be released from custody) that would be granted pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 & n.2, 93 S.Ct. 1827 (1973); BLACK'S LAW DICTIONARY 778 (9th ed. 2009). Further, in support of the instant motion, Plaintiff urges that he should be transported to the Court to testify in an evidentiary hearing regarding his claim that his rights were violated when he was classified to the HSC. However, as such claim has previously been dismissed for failure to state a claim on which relief may be granted (Docket # 25), Plaintiff's motion for a writ of habeas corpus testificandum should be denied.

1

Additionally, Plaintiff's motion also fails if he is seeking a writ of habeas corpus ordering that he be released from the HSC and transferred to a lower security level facility. As stated above, his claim that his placement in the HSC violated his due process rights has been dismissed. Second, Plaintiff's challenge to his placement in the HSC is a challenge to the conditions of his confinement rather than to an illegal confinement, and thus the proper vehicle for such claim is § 1983, not a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S.Ct. 1242 (2005); *Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 873-74 (1st Cir. 2010).

Accordingly, I recommend that Plaintiff's instant motion entitled "Petition for Writ of Habeas Corpus" be DENIED.

## CONCLUSION

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (*per curiam*); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Jacob Hagopian
Jacob Hagopian
Senior United States Magistrate Judge
Date: August 19, 2010